# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

October 24, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3636

| | |
|---|---|
| LATESHA MOON, <br> *Plaintiff-Appellant*. <br><br> *v.* <br><br> CAROLYN W. COLVIN, Acting <br> Commissioner of Social Security, <br> *Defendant-Appellee*. | Appeal from the United States District <br> Court for the Northern District of <br> Illinois, Eastern Division. <br><br> No. 12-CV-05593 <br><br> **Susan E. Cox**, <br> *Magistrate Judge*. |

## O R D E R

The appellee-Commissioner's petition for panel rehearing is granted to the extent that the panel's opinion shall be amended to remove the assertion that the Commissioner's argument to this court violated the principles of *SEC v. Chenery Corp.*, 318 U.S. 80 (1943). The final three paragraphs of the panel opinion issued on August 14, 2014 are hereby amended as follows, with the deletion indicated by strikeout and the addition indicated in bold:

The government attempts to support the ALJ's analysis of the migraine evidence by contending that the report of Dr. Kim and the interrogatory answers of Dr. Francis (the evidence that the ALJ relied upon most heavily) took Moon's

migraines into account sufficiently, thus relieving the ALJ of any further obligation to account for the migraines. ~~Since the ALJ did not mention Moon's migraines in his discussion of the opinions of Drs. Kim and Francis, the government's argument violates the principle established in~~ *~~SEC v. Chenery Corp.~~*~~, 318 U.S. 80, 87–88 (1943), that an agency's lawyers cannot defend an agency decision in court on a ground the agency did not itself invoke. See~~ *~~Kastner v. Astrue~~*~~, 697 F.3d 642, 648 (7th Cir. 2012).~~

~~Apart from~~ *~~Chenery~~* ~~concerns, the~~ **The** doctors' opinions cannot provide the needed logical bridge. Dr. Kim did not actually specify how Moon's migraines relate to the residual functional capacity she found. She did not address the possibility that a migraine could keep Moon at home in bed, apparently understanding Moon's "history of frequent migraines" to have implications only for her ability to lift, stoop, and stand. Dr. Francis's report provides even less support for the government's position. He noted: "There is not enough information [in the medical records] on the frequency of [Moon's] migraines to determine how much these contribute to her overall impairment." Unlike Dr. Kim and Dr. Francis (who, remember, never even met Moon), the ALJ had the opportunity to hear Moon's own account about how her migraines limit her activities, and as explained above, his apparent disbelief of her testimony is not justified in his decision.

Once the ALJ's unsupported assessment of Moon's migraines is set aside, the question becomes just how serious her migraines were beginning in August 2008. If her testimony about needing to remain in bed multiple days per week is credited, she could not have held a full-time job. We do not decide that her testimony must be credited. We conclude only that the ALJ failed to build a logical bridge between substantial evidence and his conclusion that Moon was capable of a limited range of sedentary work after August 2008. The judgment of the district court is REVERSED and the case is REMANDED to the agency for further proceedings consistent with this opinion.

Accordingly, the final three paragraphs of the opinion shall be combined into two paragraphs that read as follows:

The government attempts to support the ALJ's analysis of the migraine evidence by contending that the report of Dr. Kim and the interrogatory answers

of Dr. Francis (the evidence that the ALJ relied upon most heavily) took Moon's migraines into account sufficiently, thus relieving the ALJ of any further obligation to account for the migraines. The doctors' opinions cannot provide the needed logical bridge. Dr. Kim did not actually specify how Moon's migraines relate to the residual functional capacity she found. She did not address the possibility that a migraine could keep Moon at home in bed, apparently understanding Moon's "history of frequent migraines" to have implications only for her ability to lift, stoop, and stand. Dr. Francis's report provides even less support for the government's position. He noted: "There is not enough information [in the medical records] on the frequency of [Moon's] migraines to determine how much these contribute to her overall impairment." Unlike Dr. Kim and Dr. Francis (who, remember, never even met Moon), the ALJ had the opportunity to hear Moon's own account about how her migraines limit her activities, and as explained above, his apparent disbelief of her testimony is not justified in his decision.

Once the ALJ's unsupported assessment of Moon's migraines is set aside, the question becomes just how serious her migraines were beginning in August 2008. If her testimony about needing to remain in bed multiple days per week is credited, she could not have held a full-time job. We do not decide that her testimony must be credited. We conclude only that the ALJ failed to build a logical bridge between substantial evidence and his conclusion that Moon was capable of a limited range of sedentary work after August 2008. The judgment of the district court is REVERSED and the case is REMANDED to the agency for further proceedings consistent with this opinion.

To the extent the petition for rehearing sought any further relief, it is denied.